UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------- x

ANGELA PENDER, HOWARD MIDGETT,

RAY DAWSON, I.P, infant under the age
of 18, by his mother and natural
guardian ANGELA PENDER,

                         Plaintiffs,

               -against-

CITY OF NEW YORK; POLICE OFFICER
PATRICK FOLEY, Police Officer ADJIE O.
HEADED, UNDERCOVER Police Officer
JOHN/JANE DOE, POLICE INFORMANT
JOHN/JANE DOE individually and in
their official capacities (the names John
and JANE Does being fictitious, as the
true names are presently unknown),

                     Defendants.
--------------------------------------------------- X

**COMPLAINT**

Jury Trial Demanded

## **NATURE OF THE ACTION**

1.    This is an action to recover money damages arising out of the violation of Plaintiffs' rights under the Constitution.

## **JURISDICTION AND VENUE**

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3.    The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

**JURY DEMAND**

5.     Plaintiffs demand a trial by jury in this action.

**PARTIES**

6.     Plaintiffs ANGELA PENDER, HOWARD MIDGETT, RAY DAWSON, and I.P. are residents of Kings County in the City and State of New York.

7.     Defendant Police Officer PATRICK FOLEY, (Shield No. 18425); ("FOLEY"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant FOLEY is sued in his individual and official capacities.

8.     Defendant Police Officer FOLEY at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiffs' rights.

9.     Defendant Police Officer ADJIE O. HEADED, ("HEADED"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant HEADED is sued in his individual and official capacities.

10.    Defendant Police Officer HEADED at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiffs' rights.

2

11.   Defendant Undercover Police Officer JOHN/JANE DOE, at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Undercover Officer JOHN/JANE DOE is sued in his individual and official capacities.

12.   Defendant Undercover Officer John/JANE Doe at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiffs' rights.

13.   Defendant POLICE INFORMANT JOHN/JANE DOE, at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant POLICE INFORMANT JOHN/JANE DOE is sued in his individual and official capacities.

14.   Defendant POLICE INFORMANT JOHN/JANE DOE at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiffs' rights

15.   Defendant City of New York is a municipal corporation organized under the laws of the State of New York.  It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

16.   At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

17.   On July 13, 2017 at approximately 6:50 a.m., plaintiffs ANGELA PENDER, RAY DAWSON, and I.P. were at 103 Nostrand Avenue in Brooklyn, New York when it was broken into by the police officers.

18.   As soon as the defendant officers forced their way inside the apartment, they arrested all of the occupant Plaintiffs.

19.   Plaintiffs were assaulted and thrown to the floor, placed in cuffs and had guns placed to their heads.

20.   Defendant officers ransacked the apartment. The apartment was upturned and all of plaintiffs' possessions were removed from drawers and thrown onto the floor.  The officers never produced a warrant.

21.   Plaintiffs ANGELA PENDER, RAY DAWSON and I.P. were taken to the precinct.

22.   A case involving Administration for Children's Services (ACS) was initiated against the minor I.P.'s parents, to exert pressure and cause pain and suffering to his parents, including plaintiff ANGELA PENDER.

23.    Plaintiff HOWARD MIDGETT, who was not at the scene of

4

the first arrest, heard of the incident in question and travelled to the precinct in order to check on the other plaintiffs, where he himself was arrested.

24.   At the precinct, the officers falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiffs committing various crimes.

25.   At no point did the officers observe plaintiffs committing any crimes or offenses.

26.   Ultimately plaintiffs were taken from the police precinct to Brooklyn Central Booking.

27.   They were later arraigned in the Kings County Criminal Court.

28.   Ultimately, all charges against plaintiffs were dismissed.

29.   Plaintiffs suffered damage as a result of defendants' actions.  Plaintiffs were deprived of their liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to their reputation.

## **FIRST CLAIM**
### **42 U.S.C. § 1983**

30.   Plaintiffs repeat and re-allege each and every allegation as if fully set forth herein.

31.   Defendants, by their conduct toward plaintiffs alleged herein, violated plaintiffs' rights guaranteed by 42 U.S.C. § 1983, the

Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

32.   As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## SECOND CLAIM
### Unlawful Entry and Search

33.   Plaintiffs repeat and re-allege each and every allegation as if fully set forth herein.

34. Defendants violated the Fourth and Fourteenth Amendments because they unlawfully entered and search plaintiffs' home.

35.   As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## THIRD CLAIM
### False Arrest

36.   Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

37. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiffs without probable cause.

38.    As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Malicious Prosecution

39.   Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

40.   By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiffs under 42 U.S.C. § 1983 for the violation of their constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

41.   Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiffs of their constitutional rights.   The prosecution by defendants of plaintiffs constituted malicious prosecution in that there was no basis for the Plaintiffs' arrests, yet defendants continued with the prosecution, which was resolved in Plaintiffs' favor.

42.   As a direct and proximate result of defendants' unlawful actions, plaintiffs have suffered, and will continue to suffer, damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

**FIFTH CLAIM**
**Failure To Intervene**

43.    Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

44.    Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

45.    Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth and Fourteenth Amendments.

46.    As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

**SIXTH CLAIM**
*Monell Claim*

47.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

48.    This is not an isolated incident.  The City of New York (the "City"), through policies, practices and customs, directly caused the constitutional violations suffered by plaintiff.

49.    The City, through its police department, has had and still has hiring practices that it knows will lead to the hiring of police officers lacking the intellectual capacity and moral fortitude to

discharge their duties in accordance with the constitution and is indifferent to the consequences.

50.   The City, through its police department, has a *de facto* quota policy that encourages unlawful stops, unlawful searches, false arrests, the fabrication of evidence and perjury.

51.   The City, at all relevant times, was aware that these individual defendants routinely commit constitutional violations such as those at issue here and has failed to change its policies, practices and customs to stop this behavior.

52.   The City, at all relevant times, was aware that these individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

53.   These policies, practices, and customs were the moving force behind plaintiff's injuries.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiffs respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.


DATED:   Brooklyn, New York
         July 13, 2020

                             *Amy Rameau*
                             _____
                             Amy Rameau, Esq.
                             16 Court Street, Suite 2504
                             Brooklyn, New York 11241
                             Phone: (718) 852-4759
                             rameaulawny@gmail.com

                             *Attorney for Plaintiff*


TO:          All Defendants
             Corporation Counsel of the City of New York